7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Larry Lee SEABURG, Appellant.
 No. 93-2275.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1993.
Filed: October 26, 1993.
 
 Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Larry Lee Seaburg (Seaburg) appeals his conviction following a bench trial[1] for knowingly and intentionally manufacturing in excess of 1000 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii). He was sentenced to 121 months in prison, the mandatory minimum sentence. On appeal, Seaburg argues that the court erred when it (1) determined it need not apply a heightened burden of proof to its sentencing determination regarding the quantity of marijuana manufactured on the farm, and (2) interpreted the term "manufacturing" to include plants that may have been "wild." We affirm.
 
 
 2
 Seaburg was arrested when he arrived at his farm in Carver County, Minnesota, during the execution of a search warrant. Planted on the farm were approximately 1716 marijuana plants. The uninhabited farmhouse had marijuana both in and under the dishwasher. Seventeen marijuana drying racks were found, eight of which were in use. The farm shed contained plastic grow trays, empty mineral water containers, organic rooting compound, fertilizer, and potting soil. The growing marijuana plants on the farm were located in seven distinct grow areas. Virtually all of the plants on the property were female plants which apparently contain a higher level of THC, the active ingredient in marijuana.
 
 
 3
 The district court found Seaburg guilty beyond a reasonable doubt of manufacturing a controlled substance, marijuana. The court further found by a preponderance of the evidence that Seaburg manufactured in excess of 1000 marijuana plants.
 
 
 4
 Seaburg argues the district court should have applied a heightened burden of proof at sentencing because the quantity of marijuana had an overwhelming effect upon his sentence. However, sentencing factors, which are not an element of the crime, need not be proven beyond a reasonable doubt or with clear and convincing evidence; rather, these facts must be established by a preponderance of the evidence. McMillian v. Pennsylvania, 477 U.S. 79, 80 (1986). Due process, nonetheless, may mandate a heightened burden of proof for facts which overwhelmingly impact upon the sentence. United States v. Galloway, 976 F.2d 414, 426 (8th Cir. 1992), cert. denied, 113 S. Ct. 1420 (1993); United States v. Townley, 929 F.2d 365, 370 (8th Cir. 1991).
 
 
 5
 Seaburg argues that his sentence was increased ten-fold. He is, however, comparing his 121-month (ten years and one month) sentence to the one-year maximum sentence for possession of less than 100 kilograms of marijuana. See 21 U.S.C. § 844(a) (1988 & Supp. III 1991). Seaburg was not charged and convicted for possession of marijuana; he was charged and convicted of the intentional manufacture of marijuana.
 
 
 6
 A doubling or even tripling of a sentence based on sentencing factors is not so extreme as to raise due process concerns. Galloway, 976 F.2d at 426. Contrary to Seaburg's contention, his sentence was not increased ten-fold by the sentencing determination of quantity. The district court found Seaburg manufactured more than 1000 marijuana plants. If the court found Seaburg manufactured more than 100 marijuana plants, the minimum sentence would have been five years in prison. 21 U.S.C. § 841(b)(1)(B)(vii) (1988). We find Seaburg's sentence was not overwhelmingly increased by the quantity of marijuana. Thus, the district court properly examined the evidence of quantity under the preponderance of the evidence burden of proof.
 
 
 7
 Seaburg further argues that the court applied the incorrect legal standard for "manufacture" when it included potentially[2] wild marijuana plants in the number of plants which Seaburg manufactured. The record indicates the contrary. The court applied the definition of "manufacture" embodied in 21 U.S.C. § 802(15). That section states, "[t]he term 'manufacture' means the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly ... and includes any packaging or repackaging of such substance or labeling or relabeling of its container...." 21 U.S.C. § 802(15) (1988). Production is further defined as "the manufacture, planting, cultivation, growing, or harvesting of a controlled substance." 21 U.S.C. § 802(22) (1988).
 
 
 8
 Although Seaburg frames his challenge as a challenge to the court's application of the term "manufacture," Seaburg's challenge is more accurately framed as a challenge to the court's inclusion of the purported "wild" marijuana in its sentencing determination. However, the district court made two specific findings. The court found beyond a reasonable doubt that Seaburg manufactured marijuana, and it found by a preponderance of the evidence that the relevant quantity was more than 1000 plants. The district court's sentencing finding that Seaburg manufactured more than 1000 plants was not clearly erroneous. See United States v. Olderbak, 961 F.2d 756, 763 (8th Cir.), cert. denied, 113 S. Ct. 422 (1992). The evidence presented at trial showed that Seaburg was actively involved in the cultivation, propagation, and processing of marijuana. The drying racks, fertilizer, rooting compound, harvested marijuana, and evidence that virtually all the plants were female constitute sufficient evidence for the court to have found that Seaburg manufactured 1000 or more marijuana plants. The court's finding that Seaburg manufactured 1000 or more plants was not clearly erroneous.
 
 
 9
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior Judge, United States District Court for the District of Minnesota
 
 
 [2]
 Seaburg presented evidence at trial that the plants on the farm were wild. The government presented contradictory evidence. The district court made no explicit finding, but stated at the sentencing that "[t]o be sure I am sure some of it was growing wild." Appellant's Add. at 14